IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3089-F

| | | |
|---|---|---|
| DAVID HOSKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JAMES E. SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on plaintiff's motion to appoint counsel (DE # 4), motions to amend his complaint (DE #s 5, 7, 11, and 19), and motion for entry of default (DE # 18). These matters are ripe for adjudication.

Plaintiff filed four motions to amend his complaint, seeking leave to amend to add additional defendants and further factual allegations. Mindful of the more liberal treatment to which pro se pleadings are entitled, see White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989), and with deference to Rule 15 of the Federal Rules of Civil Procedure which mandates that leave to amend "shall be freely given when justice so requires," see Foman v. Davis, 371 U.S. 178, 182 (1962), the court has determined that plaintiff's amendments are ALLOWED.

Plaintiff's filings in this action are numerous, and it is difficult for the court to determine exactly which claims plaintiff seeks to assert in this action, and who exactly are defendants in this action. Accordingly, the court allows plaintiff the opportunity to file one amended complaint in order to clarify his claims. The amended complaint must state whom plaintiff seeks to name as

defendants and avoid unnecessary details. Plaintiff must briefly describe the specific events which are the basis of this action, the constitutional rights purportedly violated, and each defendant's personal participation in the process. The amended complaint also must focus on how the alleged events affected plaintiff, the injury he allegedly sustained, and the person (or people) who inflicted the injury. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2). The amended complaint will supplant plaintiff's previous complaint, amended complaint, and miscellaneous filings. The court will not review plaintiff's other filings to glean any misplaced claims. The court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2). Plaintiff must file his amended complaint within fourteen (14) days of this order.

Plaintiff also filed a motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because the claims asserted by plaintiffs are not complex, and where they have demonstrated

2

Case 5:11-ct-03089-F Document 21 Filed 11/14/11 Page 2 of 3

defendants and avoid unnecessary details. Plaintiff must briefly describe the specific events which are the basis of this action, the constitutional rights purportedly violated, and each defendant's personal participation in the process. The amended complaint also must focus on how the alleged events affected plaintiff, the injury he allegedly sustained, and the person (or people) who inflicted the injury. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2). The amended complaint will supplant plaintiff's previous complaint, amended complaint, and miscellaneous filings. The court will not review plaintiff's other filings to glean any misplaced claims. The court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2). Plaintiff must file his amended complaint within fourteen (14) days of this order.

Plaintiff also filed a motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because the claims asserted by plaintiffs are not complex, and where they have demonstrated

through the detail of their filings they are capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. As such, plaintiffs' motion to appoint counsel is DENIED.

Finally, the court considers plaintiff's motion for entry of default. Plaintiff seeks an entry of default judgment on the grounds that defendants have not answered his complaint. Following the court's frivolity review, the Clerk of Court will direct the United States Marshal's Service to serve defendants on behalf of plaintiff. Because defendants have not been served with the complaint, plaintiff's motion for default judgment is DENIED.

In summary, plaintiff's motions to amend his complaint (DE #s 5, 7, 11, and 19) are GRANTED. Plaintiff must file his amended complaint within fourteen (14) days of this order. The court will conduct a frivolity review of plaintiff's pleading upon receipt of plaintiff's amended complaint. Plaintiff's motion to appoint counsel (DE # 4) and motion for entry of default (DE # 18) are DENIED.

SO ORDERED. This, the 14th day of November, 2011.

*James C. Fox*
James C. Fox
Senior United States District Judge