IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3089-F

| | |
|---|---|
| DAVID A. HOSKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JAMES E. SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On May 10, 2011, David A. Hoskins ("Hoskins" or "plaintiff"), an inmate in the custody of the State of North Carolina proceeding pro se, filed this action against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the succeeding months, plaintiff filed several additional documents, including motions to amend his complaint, a motion for appointment of counsel, discovery requests, a motion for entry of default judgment, and miscellaneous declarations and supporting documents. On November 14, 2011, the court entered an order [D.E. # 21] granting plaintiff's motions to amend and denying his other then-pending motions. The court admonished plaintiff that his numerous pleadings were difficult to comprehend, and that he would be allowed one opportunity to clarify his claims by filing a single amended complaint. The court instructed plaintiff as follows: "The amended complaint must state whom plaintiff seeks to name as defendants and avoid unnecessary details. Plaintiff must briefly describe the specific events which are the basis of this action, the constitutional rights purportedly violated, and each defendant's personal participation in the process. The amended complaint also must focus on how the alleged events affected plaintiff, the injury he allegedly sustained, and the person (or people) who inflicted

the injury." Order at 1-2. The court further advised plaintiff that his "amended complaint will supplant plaintiff's previous complaint, amended complaint, and miscellaneous filings. The court will not review plaintiff's other filings to glean any misplaced claims." Id. at 2. The court ordered that plaintiff file his amended complaint within fourteen days of November 14, 2011. Id.

In the months since he was ordered to file his amended complaint, plaintiff has filed a motion for extension of time [D.E. # 23] in which to file his amended complaint and two additional motions for leave to amend [D.E. # 22 & 27]. In addition, plaintiff has persisted in his pattern of filing wholly irrelevant motions, see "Motion to Add All De-Evidence Documents to Miscelleneous [sic] Evidence File etc." [D.E. # 28], and miscellaneous documents including a "Declaration" [D.E. # 25] stating that plaintiff is not an enemy combatant and a "Subpoena" [D.E. # 26] purporting to compel the North Carolina Attorney General to produce documents and appear at some hearing unilaterally scheduled by plaintiff.

Despite plaintiff's submission of numerous documents since he was ordered to file a single amended complaint on November 14, 2011, plaintiff has failed to file his amended complaint in the intervening months. While plaintiff's failure to file a single amended complaint in the months since November warrants dismissal of this action for failure to prosecute and disobedience of the court's orders, the court considers it prudent in this instance, given plaintiff's timely request for an extension of time, to afford plaintiff one final opportunity to comply with the court's November 14, 2011, order. Plaintiff is once again admonished that he must file a single document on the prescribed form, with additional pages attached if necessary, which complies with the standards outlined in this court's previous order and which clearly and succinctly states each of plaintiff's claims as to each defendant. This amended complaint will supersede all previous complaints and miscellaneous

2

documents filed by plaintiff. The court will rely only upon this document in conducting its mandated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Until plaintiff files an amended complaint which complies with the court's orders and permits this court's discharge of its screening duties, the court will not consider other unrelated motions filed by plaintiff.

For the reasons set forth above, it is ORDERED that plaintiff's motion for extension of time to file his amended complaint [D.E. # 23] and separately filed motions for leave to file an amended complaint [D.E. # 22 & 27] are GRANTED only to the extent such motions seek to facilitate plaintiff's compliance with the court's order of November 14, 2011. It is further ORDERED that plaintiff's miscellaneous "Motion to Add all De-Evidence Documents to Miscellaneous Evidence" [D.E. # 28] is DENIED. Plaintiff shall file his amended complaint on or before June 22, 2012. Plaintiff's failure to timely file his amended complaint as instructed will result in the dismissal of this action for failure to prosecute and abandonment of his claims.

SO ORDERED. This the 3rd day of May, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge