IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3089-F

| | |
|---|---|
| DAVID A. HOSKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JAMESE E. SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the court are two motions filed by plaintiff, his "Declaration for Entry of Default" [D.E. # 41], and a confusing pleading in which he purports to "direct the Judicial Business," which the court has construed as a motion for voluntary dismissal [D.E. # 45]. The court will consider each motion in turn.

**I.    Plaintiff's "Declaration for Entry of Default."**

Plaintiff's "Declaration for Entry of Default" asserts his claim that he is entitled to default judgment in this case. Plaintiff mistakenly states that "The court files and record herein shows that the Defendants were served by the U.S. Marshal with a copy of the summons and a copy of the plaintiff's complaint on the 4th day of Feb 2013 and/or 8th day of Feb 2013." Pl.'s Mot. [D.E. # 41] 1. Because, plaintiff asserts, more than twenty days have passed without an answer or other responsive pleading by defendants, plaintiff is entitled to default judgment. In fact, service was executed on three of the defendants on February 15, 2013, while the remaining defendant has not yet been served with the complaint. While Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure generally requires that a defendant serve a responsive pleading withing twenty-one days from service

of the complaint, because plaintiff is a pro se inmate filing suit under 28 U.S.C. § 1915, his case is subject to the court's Eastern District Prisoner Representation Plan. To that end, on January 24, 2013, the court entered an order of investigation [D.E. # 37] in which it requested that North Carolina Prisoner Legal Services ("NCPLS") investigate plaintiff's claims and respond to the court within ninety (90) days and inform it whether appointment of counsel is necessary. The order extended the time for defendants to respond to the complaint for thirty days beyond the filing of NCPLS's response to the order of investigation. NCPLS's response now is due on May 24, 2013. Because NCPLS has not yet responded to plaintiff's complaint, defendants' answer is not yet due. Thus, plaintiff's motion for default judgment [D.E. # 41] is due to be DENIED.

## II.  Plaintiff's "Reply - Direction of Judicial Business."

In this pleading, plaintiff takes note of the court's effort to locate and effect service of the complaint upon defendant Smith and purports to instruct the court upon "non-location" of Smith to "drop plaintiff's claim against said Defendant per Fed. R. Civ. P. 4(m)" and then proceed to "set a Active trial date upon the remaining defendants [100] days from the [14] day mark to locate defendant [Smith]." Pl.'s Mot. [D. E. # 45] 1-2. As plaintiff is aware, the court's efforts to effect service on defendant Smith on his behalf pursuant to § 1915 remain ongoing. See Pl.'s Resp. [D.E. # 51]. Indeed, plaintiff has urged this court to deny the State's motion to vacate the court's order requiring the Attorney General to provide Smith's address. Id. Thus, Smith is not yet subject to "non-location." In the event that defendant Smith cannot be served with the complaint upon the conclusion of the court's efforts, plaintiff may file a properly-executed motion to voluntarily dismiss his claim(s) against that defendant. Furthermore, the court will not set an "Active trial date" within "100 days" before the parties have been afforded the opportunity to conduct discovery and file

2

dispositive motions, much less before defendants have even filed their initial responsive pleadings. Nor is the court's "Judicial Business" subject to "Direction" in this improper fashion by plaintiff. To the extent plaintiff's "Reply - Direction of Judicial Business" [D.E. # 45] is intended as any sort of motion, it will be denied at this time.

III. Conclusion

For the reasons given above it is ORDERED that plaintiff's motion for entry of default judgment [D.E. # 41] and motion for voluntary dismissal [D.E. # 45] are DENIED.

SO ORDERED. This the 2<sup>d</sup> day of May, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3

Case 5:11-ct-03089-F Document 55 Filed 05/02/13 Page 3 of 3